IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ARTURO SHOWS URQUIDI,<br>    Movant, § <br>§<br>v.  §<br>§<br>UNITED STATES OF AMERICA, §<br>    Respondent. § | EP-24-CV-192-KC<br>EP-12-CR-849-KC-14 |

**ORDER DENYING MOVANT'S**
**MOTION FOR RELIEF FROM A JUDGMENT**

Arturo Shows Urquidi, federal prisoner number 11004-480, moves the Court, pursuant to Federal Rule of Civil Procedure 60(b), to reconsider its memorandum opinion and order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mot., ECF No. 1392.[1] His Rule 60(b) motion is denied. In addition, he is denied a certificate of appealability.

**BACKGROUND AND PROCEDURAL HISTORY**

Shows Urquidi is a 54-year-old prisoner serving a life sentence for racketeering and drug trafficking. Am. J. Crim. Case, ECF No. 1222. He is currently confined at the United States Penitentiary in Beamont, Texas. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. No. 11004-480, last visited Sep. 22, 2025).

Shows Urquidi supervised security forces and warehouses in Ciudad Juarez, Mexico, for the Sinaloa Cartel, an international organized crime syndicate that specialized in illegal drug trafficking and money laundering. Presentence Investigation, ECF No. 1095 at ¶ 30. He oversaw the unloading of thousands of kilograms of cocaine from tankers arriving regularly from Sinaloa, Mexico. *Id.* He organized the reloading of the empty tankers with weapons and millions of

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-12-CR-849-KC-14. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

dollars in cash before they returned to Culiacan. *Id.* He also directed the sorting, packing, and labeling of cocaine for further distribution throughout the United States. *Id.* He was among 24 individuals indicted on various charges arising from their involvement with the cartel's racketeering and drug trafficking activities. *United States v. Shows Urquidi*, 71 F.4th 357, 364 (5th Cir.), *cert. denied sub nom. Iglesias-Villegas v. United States*, 144 S. Ct. 268 (2023).

After a lengthy jury trial, Shows Urquidi was convicted on charges of conspiring to (1) conduct the affairs of an enterprise through a pattern of racketeering (Count One); (2) possess with intent to distribute cocaine (Count Two); (3) import cocaine (Count Three); (4) launder monetary instruments (Count Four); and (5) possess firearms in the furtherance of drug trafficking crimes (Count Five). *Shows Urquidi*, 71 F.4th at 364. He was sentenced to life in prison. *Id.* at 365.

In his § 2255 motion, Shows Urquidi raised multiple ineffective-assistance-of-counsel claims. Mot. to Vacate, ECF No. 1268. He asserted his pretrial counsel failed to (1) inform him of the consequences of pleading guilty instead of proceeding to trial; and (2) conduct an adequate and independent pretrial investigation. *Id.* at 4. He claimed his trial counsel failed to (1) convey a trial strategy and present affirmative defenses to him; (2) prepare for trial, research the applicable law, and review the discovery provided by the Government; (3) subpoena or call witnesses on his behalf; (4) properly cross-examine the Government's witnesses; (5) lodge proper objections; and (6) act as an effective advocate. *Id.* at 5. He maintained his sentencing counsel failed to (1) review, discuss, and explain the presentence investigation report (PSR) to him prior to sentencing; and (2) file objections to the PSR. *Id.* at 6. He declared his appellate counsel failed to (1) communicate with him about his direct appeal; (2) inform him of the issues he intended to raise; (3) provide his case file to review and allow him to participate in his appeal; and (4) raise

other meritorious issues which he wanted raised. *Id.* at 8. He asked the Court to "[v]acate his conviction and sentence to start anew, grant an [e]videntiary hearing to further prove his grounds set forth above, resolve facts in dispute, and expand an incomplete record or any other relief to which this Court deems that he may be entitled." *Id.* at 12.

The Court concluded that Shows Urquidi had failed to meet his burden of showing (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Mem. Op. and Order, ECF No. 1386 at 20 (citing *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984)). The Court further concluded that Shows Urquidi had failed to successfully assert claims establishing (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *Id.* (citing *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995)). The Court also concluded that Shows Urquidi was not entitled to a hearing or a certificate of appealability. *Id.* at 21. Accordingly, the Court denied Shows Urquidi's motion and denied him a certificate of appealability.

In his Rule 60(b) motion, Shows Urquidi asks the Court to reconsider its final judgment denying his § 2255 motion. Mot., ECF No. 1392. He claims (1) the Court erroneously concluded it was irrational for him to reject a plea offer; (2) the Court misapplied the legal standard regarding pretrial investigations; (3) the Court overlooked meritorious arguments regarding trial strategy and witnesses; (4) the Court misapplied the standard for sentencing objections and failed to consider the impact of the firearm and violence enhancements; (5) the Court mischaracterized the ineffective assistance of appellate counsel claim; (6) the Court erred in denying him an evidentiary hearing; (7) the Court erred in denying him a certificate of appealability. *Id.* at 3–7.

3

**APPLICABLE LAW**

Rule 60(b) applies "to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence." *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977). Rule 60(b) permits a district court to grant relief from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Such a motion must be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. *Gonzalez v. Crosby*, 545 U.S. 524, 528 n. 2 (2005); Fed. R. Civ. P. 60(c)(1).

A movant submitting a Rule 60(b) motion in § 2255 proceeding may run afoul of the prohibition on second or successive § 2255 motions. *See Gonzalez*, 545 U.S. at 532 (explaining a post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); *United States v. Williams*, 274 Fed. Appx. 346, 347 (5th Cir. 2008) (applying *Gonzalez* to § 2255 motions). It is only when a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Gonzalez*, 524 U.S. at 532. Any other claim must be considered second or successive. *Id*.

**ANALYSIS**

**A. The Court erroneously concluded it was irrational for him to reject a plea offer**

4

Shows Urquidi contends the Courts conclusion he could not demonstrate rejecting the plea offer was *irrational* under *Padilla v. Kentucky*, 599 U.S. 356 (2010), is inconsistent with the factual context and relevant legal standard. Mot., ECF No. 1392 at 3. He claims the record shows he consistently denied his guilt, did not understand the nature and consequences of his plea, and was never adequately advised about the overwhelming likelihood of his conviction. *Id.*

The Court concluded that the evidence of Shows Urquidi's guilt was overwhelming. Mem. Op. & Order, ECF No. 1386 at 9. It noted that he faced life sentences on three of the counts against him if convicted. It observed that his counsel successfully negotiated a plea agreement with a non-binding recommendation for a term of 17 years' imprisonment. It was aware that he met with prosecutors before trial who presented the evidence against him and encouraged him to enter the plea bargain. It knew that Shows Urquidi participated in a *Frye* hearing to determine whether he accepted the Government's offer or preferred to go to trial.

Still, despite all this information, Shows Urquidi refused to accept the Government's offer. As a result, he was found guilty by a jury and sentenced to life in prison. Under these circumstances, Shows Urquidi could not meet his burden of convincing the Court that his decision to reject the plea bargain was *rational*. *Padilla*, 559 U.S. at 372.

More importantly, it is clear Shows Urquidi is now attempting to relitigate his original § 2255 motion under the guise of a Rule 60(b) motion. Thus, he attacks the substance of the Court's resolution of his claim in his § 2255 motion based on the merits—and not on some defect in the integrity of the proceedings. And he fails to present evidence the Fifth Circuit Court of Appeals has authorized him to present a second or successive § 2255 motion.

Consequently, the Court finds that Shows Urquidi's Rule 60(b) motion—which relies on an old claim to obtain the same relief he sought in his earlier § 2255 proceedings—must be

construed as a successive § 2255 motion. The Court notes that Rule 9 of the Rules Governing Section 2255 Proceedings prohibits a party from filing a second or successive motion before obtaining an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. foll. § 2255 R. 9. The Court finds that—since Shows Urquidi did not seek or receive permission from the Fifth Circuit Court of Appeals to file a successive § 2255 motion—it must deny his claim for lack of jurisdiction.

### B. The Court misapplied the legal standard regarding pretrial investigations

Shows Urquidi notes the Court denied his failure-to-investigate claim for lack of specificity but argues the burden on a *pro se* § 2255 movant is not so exacting. Mot., ECF No. 1392 at 4. But he notably fails to add any specifics to his claim.

The Court noted that Shows Urquidi failed to allege with specificity what a successful investigation would have revealed and how it would have altered the outcome of his trial in his § 2255 motion. Mem. Op. & Order, ECF No. 1386 at 10 (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Consequently, it concluded that it was impossible to assess whether his counsel's performance was either deficient or somehow prejudiced his cause. *Id*. (citing *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994)).

"It is well established that a party "may not use a Rule 60(b) motion as an occasion to relitigate its case." *United States v. Davison*, 509 F. App'x 330, 332 (5th Cir. 2013) (quoting *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004)).

Since Shows Urquidi adds nothing to his original claim, which he wants to relitigate, it is still impossible to assess whether his counsel's performance was either deficient or prejudiced his cause.

### C. The Court overlooked meritorious arguments regarding trial strategy and witnesses

Shows Urquidi claims he raised sufficient claims that his ex-wife, son, and girlfriend were identified as potential witnesses, but were abandoned by his counsel at the last minute. Mot., ECF No. 1392 at 5.

The Court observed that "complaints of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." Mem. Op. & Order, ECF No. 1386 at 11 (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)). It added that "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id*. at 12 (citing *Day*, 566 F.3d at 538; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

The Court found that the potential witnesses identified by Shows Urquidi—his ex-wife, son, and girlfriend—all declined to testify the day before his counsel was obligated to announce them as witnesses to the Court. *Id.* at 1 (citing Aff. Of Angel Villalba, ECF No. 1338-1 at 3). Hence, Shows Urquidi cannot demonstrate that the witnesses were available to testify and would have done so.

### D. The Court misapplied the standard for sentencing objections and failed to consider the impact of the firearm and violence enhancements

Shows Urquidi maintains that the sentencing enhancements for weapons, violence, and management role were unsupported and had a significant impact on his sentence. Mot., ECF No. 1392 at 5. He argues that his counsel's failure to challenge all the enhancements supports a viable Strickland claim. *Id.*

The record establishes that Shows Urquidi's sentencing counsel made written objections to his characterization in paragraph 49 of the presentence investigation as an organizer, leader, manager, or supervisor in the Sinaloa Cartel—and a two-level upward adjustment to his sentence under Sentencing Guideline §3B1.1(c). Obj. to Presentence Investigation, ECF No. 1095-2 at 2. The record also establishes that Shows Urquidi was found guilty of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity (Count One), conspiracy to launder monetary instruments (Count Four), and conspiracy to possess firearms in furtherance of any crime of violence or drug trafficking crime (Count Five). Consequently, any objections by his sentencing counsel to references in the presentence investigation to weapons, violence, and money would have been futile, frivolous, and unavailing.

"[C]ounsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Consequently, counsel's "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998).

### E. The Court mischaracterized the ineffective assistance of appellate counsel claim

Shows Urquidi claims that his appellate counsel failed to pursue non-frivolous claims concerning multiple conspiracies, severance, false testimony, and exculpatory evidence. Mot., ECF No. 1392 at 6. He argues that raising one successful issue on appeal does not insulate appellate counsel from *Strickland* review. *Id.*

In his direct appeal, Shows Urquidi's appellate counsel raised multiple grounds for relief. First, he argued that Shows' conviction on the racketeering conspiracy was subject to a fatal variance because his conviction was based on evidence of multiple conspiracies—despite the indictment alleging only one underlying conspiracy. *Shows Urquidi*, 71 F.4th at 380. Second, he

claimed that the district court erred by failing to *sua sponte* sever Shows Urquidi's trial from that of his co-defendant. *Id*. at 378. Third, he asserted that numerous Government exhibits were either inadmissible due to their irrelevance or their unduly prejudicial nature under Federal Rules of Evidence 402 and 403. *Id*. at 372. Fourth, he challenged the jury instructions concerning how an "enterprise" was defined for Count One, the racketeering conspiracy. *Id*. at 382. Finally, he claimed—and the Government agreed—that the sentences imposed on Counts Four and Five exceed the respective statutory maxima. *Id*. at 384–85. Consequently, Shows Urquidi's appellate counsel raised two of the four grounds Shows Urquidi identified in his § 2255 motion as appropriate for a direct appeal.

The Fifth Circuit overruled all but the last ground for relief, affirmed the convictions but vacated the sentences for Counts Four and Five, and remanded the case to the Court for resentencing. *Id.* at 385.

Shows Urquidi's counsel brought to the appellate court's attention multiple potentially meritorious arguments based on directly controlling precedent in his direct appeal. His appellate counsel prevailed on one of the issues he raised. Under these circumstances, Shows Urquidi cannot meet his burden of establishing that his appellate counsel failed to perform in a reasonably effective manner. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

**F. The Court erred in denying him an evidentiary hearing**

Shows Urquidi maintains that the denial of an evidentiary hearing contradicts established precedent requiring such hearings when a § 2255 movant alleges facts that, if proven, would entitle him to relief and are not conclusively refuted by the record. Mot., ECF No. 1392 at 6.

The Court concluded that Shows Urquidi had failed to produce independent indicia of the likely merit of his allegations. Mem. Op. & Order, ECF No. 1386 at 19. It further concluded that

the motion, files, and records in this case were adequate to dispose fully and fairly of Shows Urquidi's claims. *Id.* Consequently, it also concluded that his claims required no further inquiry on collateral review—and an evidentiary hearing was not necessary. *Id.*

### G. The Court erred in denying him a certificate of appealability

Shows Urquidi argues a certificate of appealability should be granted so that the Fifth Circuit Court of Appeals may independently evaluate the merits of his claims. Mot., ECF No. 1392 at 6.

The Court concluded that reasonable jurists could not debate its reasoning for denying Shows Urquidi's claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. Mem. Op. & Order, ECF No. 1386 at 20 (citing *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003)). The Court accordingly did not issue a certificate of appealability.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant must obtain a certificate of appealability before appealing the denial of a Rule 60 motion. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting appeals of causes initiated under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability); *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011) (requiring a certificate of appealability to appeal the denial of a Rule 60(b) motion). A movant may obtain such a "[a] certificate of appealability . . . only if he has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotations and citations

omitted).  "This is a jurisdictional prerequisite . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

Reasonable jurists could not debate whether the Court should resolve Shows Urquidi's Rule 60 motion in a different manner—or whether his issues deserve encouragement to proceed further. *Id*. at 327 (citing *Slack*, 529 U.S. at 484). Consequently, the Court will not issue a certificate of appealability. *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

## CONCLUSION AND ORDERS

The Court concludes that Shows Urquidi's Rule 60(b) motion is nothing more than an attempt to relitigate the claims originally raised in his original § 2255 motion and subsequently rejected by it. The Court further concludes that Shows Urquidi has failed to meet his burden of showing (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The Court accordingly enters the following orders:

**IT IS ORDERED** that Arturo Shows Urquidi's *pro se* "Motion for Reconsideration of Order Denying Motion to Vacate pursuant to 28 U.S.C. § 2255" (ECF No. 1392) is **DENIED**.

**IT IS FURTHER ORDERED** that Arturo Shows Urquidi is **DENIED** a certificate of appealability.

SIGNED this 23rd day of September, 2025.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE