# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 23, 2026

Mr. Philip Devlin
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

    No. 25-50586    USA v. Urquidi
                 USDC No. 3:24-CV-192

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate.

               Sincerely,

               LYLE W. CAYCE, Clerk

               By: _____
               Renee S. McDonough, Deputy Clerk
               504-310-7673

cc:
    Mr. Zachary Carl Richter
    Mr. Arturo Shows Urquidi



# United States Court of Appeals
## for the Fifth Circuit

Certified as a true copy and issued
as the mandate on **Mar 23, 2026**

Attest:

*Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

———————————

No. 25-50586

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Arturo Shows Urquidi,

*Defendant—Appellant*.

———————————————————————

Application for Certificate of Appealability
the United States District Court
for the Western District of Texas
USDC No. 3:24-CV-192
USDC No. 3:12-CR-849-14

———————————————————————

UNPUBLISHED ORDER

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:

Arturo Shows Urquidi, federal prisoner # 11004-480, was convicted of conspiracies involving racketeering, the possession with intent to distribute and the importation of cocaine and marijuana, money laundering, and the possession of firearms in furtherance of drug trafficking crimes, and he is currently serving concurrent life and 240-month sentences. He now

seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion challenging these convictions and the denial of his motion for reconsideration. He argues various claims of ineffective assistance of counsel.

Shows Urquidi's notice of appeal was untimely as to the denial of his § 2255 motion. *See* 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B)(i). Accordingly, we lack jurisdiction to consider the denial of that motion. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992). Because the notice of appeal was filed within 60 days of the denial of his motion for reconsideration, Shows Urquidi's appeal was timely as to that motion. *See* Fed. R. App. P. 4(a)(1)(B)(i).

To obtain a COA, Shows Urquidi must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To meet that standard, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (2000) (internal quotation marks and citation omitted) (quote at 484); *see also Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). Shows Urquidi fails to make this showing.

Accordingly, this appeal is DISMISSED IN PART for lack of jurisdiction, and the motion for a COA is DENIED. To the extent that Shows Urquidi challenges the district court's failure to hold an evidentiary hearing, because he has not satisfied the COA standard, we do not reach this contention. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020). To the extent that he is asking this court to hold an evidentiary hearing, the request is DENIED.